UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID ROY ABBOTT, <br><br> Petitioner, <br><br> v. <br><br> RENEE BAKER, *et al.*, <br><br> Respondents. | Case No. 3:14-cv-00599-MMD-WGC <br><br> ORDER |

**I.   INTRODUCTION**

In this habeas corpus action, brought by Nevada prisoner David Roy Abbott, the respondents have filed a motion to dismiss. (Dkt. no. 10.) The Court will grant respondents' motion to dismiss, and will dismiss this action on the ground that it was not timely filed and is barred by the statute of limitations.

**II.   BACKGROUND**

On August 13, 2010, following a jury trial, Abbott was convicted of trafficking in a controlled substance, conspiracy to sell a controlled substance, and ex-felon in possession of a firearm. *See* Judgment, Exh. 29 (dkt. no. 29).[1] On that same date, in a separate case, Abbott was also convicted of possession of a controlled substance. *See* Judgment, Exh. 29 (dkt. no. 28). Abbott was sentenced, on each count in each case,

---

[1] The exhibits referred to in this order were filed by the respondents and are found in the record at dkt. nos. 11, 12, 13 and 14.

under the habitual criminal statute, to life in prison without the possibility of parole. *See* Exhs. 28, 29.

Abbott appealed from the convictions in both cases. *See* Notice of Appeal, Exh. 32; Notice of Appeal, Exh. 33. The cases were consolidated on appeal. *See* Order Granting Motion and Consolidating Appeals, Exh. 68. On July 14, 2011, the Nevada Supreme Court affirmed Abbott's convictions. Order of Affirmance and Limited Remand, Exh. 74.

In the order affirming Abbott's convictions, the Nevada Supreme Court also remanded the case to the state district court for entry of a corrected judgment. *See id*. The Nevada Supreme Court explained:

> Finally, we note that although the record shows that the district court sentenced Abbott to life without parole under the habitual criminal statute for each conviction appealed in Docket No. 56713, the resulting judgment of conviction lists only one sentence. Therefore, we remand the matter to the district court for the entry of a corrected judgment of conviction following the issuance of the remittitur. *See* NRS 176.565 (providing that clerical errors in judgments may be corrected at any time); *Buffington v. State*, 110 Nev. 124, 126, 868 P.2d 643, 644 (1994) (the district court does not regain jurisdiction following an appeal until the supreme court issues its remittitur).

*Id.* at 3-4. The Nevada Supreme Court's remittitur issued on August 8, 2011. *See* Remittitur, Exh. 75.

An amended judgment of conviction was filed in the state district court on October 21, 2011. *See* Judgment on Remand, Exh. 79.  Abbott did not appeal from the amended judgment and he never filed a state habeas action.

This Court received Abbott's *pro se* federal habeas corpus petition for filing on November 21, 2014. *See* Petition for Writ of Habeas Corpus (dkt. no. 8) at 1.

Respondents filed their motion to dismiss on June 25, 2015. (Dkt. no. 10.) In the motion, respondents assert that Abbott's petition is untimely; that his petition was not properly signed under penalty of perjury or verified by Abbott; and that Claim 5 of his petition is conclusory. *See* Motion to Dismiss (dkt. no. 10) at 2-6. Abbott filed an

///

2

opposition to the motion to dismiss on September 10, 2015. (Dkt. no. 19.) Respondents filed a reply in support of their motion on September 14, 2015. (Dkt. no. 20.)

### III.     DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, included a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

In this case, Abbott's direct appeal concluded on July 14, 2011, when the Nevada Supreme Court affirmed his judgment of conviction. *See* Order of Affirmance and Limited Remand, Exh. 74. Adding the ninety days within which a petition for a writ of certiorari could have been filed (*see* Supreme Court Rule 13), the date on which Abbott's conviction became final, for purposes of the AEDPA statute of limitations, was October 12, 2011. Running from that date, the one year AEDPA statute of limitations expired on October 12, 2012. Abbott did not file his federal habeas action until 771 days after that — two years and 41 days late.

Abbott's federal habeas petition is also untimely when considered with reference to the amended judgment of conviction. The amended judgment of conviction was filed

on October 21, 2011. *See* Judgment on Remand, Exh. 79. The time for Abbott to appeal to the Nevada Supreme Court from the amended judgment of conviction expired thirty (30) days later, on November 20, 2011. *See* Nev. R. App. P. 4(b)(1)(A). The AEDPA limitations period began to run on that date, and ran out on November 20, 2012. Abbott did not file his federal habeas action until 731 days after that — two years and 1 day late.

Absent any applicable tolling, Abbott's federal habeas petition was filed more than two years late, whether considered with reference to the original judgment of conviction or the amended judgment of conviction.

The AEDPA statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). Because Abbott did not file a state habeas action, or any other application for state collateral review, he is not entitled to statutory tolling.

A habeas petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In his opposition to the motion to dismiss, Abbott argues:

> Petitioner was unaware of the one year time limit imposed by the AEDPA as he is not an attorney and his previous attorney failed to inform him of any such requirement when he ceased to represent Abbott. During his trial, Abbott was represented by Denis Cameron. During his direct appeal, Abbott was represented by court appointed counsel, Thomas L. Qualls. Neither of these attorneys told Abbott that there were any time limits running and as a non-attorney he had no way of knowing there were. After the remittitur was issued on August 8, 2011, Qualls informed him that his direct appeal was denied and "that's it, we're done. I'm no longer your attorney." Qualls did not inform Petitioner that he had only a one-year time limit in which to file any subsequent actions. Therefore, Petition respectfully requests that this Court not dismiss his petition and allows him to move forward.

Opposition to Motion to Dismiss (dkt. no. 19) at 2-3.

///

4

...

"[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n. 4 (9th Cir.2009) (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.2006). The "extraordinary circumstance" requirement "suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." *Waldron-Ramsey*, 556 F.3d at 1011 (citing *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir.2008)) (internal quotation marks omitted).

Abbott also argues:

> Additionally, the time limit elapsed because, as a result of being sentenced to life without parole, Petitioner was sent to the Maximum Security Prison in Ely, Nevada[,] where he was locked down for 23 hours a day with no contact with other inmates who could have assisted him with his legal questions and needs. Although he was recently moved to the worker's unit where he can receive assistance with legal needs it was after the 35 months mentioned in the State's response had elapsed. As soon as Petitioner learned of a time limit, he immediately began working on his petition and filed it with the Court.

Opposition to Motion to Dismiss at 3. However, prison lockdowns do not constitute "extraordinary" circumstances warranting equitable tolling. *See Atkins v. Harris*, 1999 WL 13719, at *2 (N.D.Cal. Jan. 7, 1999) ("Prisoners familiar with the routine restrictions of prison life must take such matters into account…."); *Adams v. Clark*, 2010 WL 3245333, at *4 (E.D.Cal. Aug. 17, 2010) ("Unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling). Lockdowns are facts of prison life; lockdowns are not "extraordinary," such as to entitle an inmate to equitable tolling of the AEDPA limitations period.

The Court determines, therefore, that Abbott's assertions that he was ignorant of the AEDPA statute of limitations and that he was subject to prison lockdown at Ely State Prison do not form an arguable basis for equitable tolling over the more than two years that his federal habeas petition was late.

This action is barred by the statute of limitations; respondents' motion to dismiss will be granted, and this action dismissed.

As the Court finds that this case was untimely filed and subject to dismissal on that ground, the Court declines to reach respondents' arguments that Abbott's petition was not properly signed under penalty of perjury or verified and that Claim 5 of his petition is conclusory. *See* Motion to Dismiss at 2-6.

The standard for issuance of a certificate of appealability is governed by 28 U.S.C. § 2253(c). The Supreme Court has interpreted section 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir.2000). Applying this standard, the Court finds that a certificate of appealability is not warranted in this case.

**IV.   CONCLUSION**

It is therefore ordered that respondents' Motion to Dismiss (dkt. no. 10) is granted.  This action is dismissed.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of the Court shall enter judgment accordingly.

DATED THIS 12th day of November 2015.

  
_____  
MIRANDA M. DU  
UNITED STATES DISTRICT JUDGE